
08/24/2005

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| MICHAEL ERIC LEPCHENSKE, | § | Case No. 04-43291 |
| | § | (Chapter 7) |
| Debtor. | § | |
| _____ | § | |
| SIGNATURE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. No. 04-4281 |
| | § | |
| MICHAEL ERIC LEPCHENSKE, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Signature Bank (the "Bank") initiated this adversary proceeding on November 9, 2004 by filing a complaint seeking a determination that the obligations of Michael Eric Lepchenske (the "Debtor") to the Bank are excepted from a discharge in bankruptcy pursuant to 11 U.S.C. §523(a)(2)(A). This matter is before the Court on the Motion for Summary Judgment (the "Motion") filed by the Bank on April 8, 2005. The Debtor opposes the Bank's Motion.

### I. Jurisdiction

A proceeding seeking a determination of the dischargeability of a debt raises a core matter over which this Court has jurisdiction to enter a final order. 28 U.S.C. §§ 157(b)(2)(I) and 1334.

### II. Summary Judgment Standards

Motions for summary judgment are authorized by Rule 56 of the Federal Rules of

**MEMORANDUM OPINION AND ORDER** – Page 1

Civil Procedure, as adopted and applied to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. The entry of a summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but must demonstrate the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (citing FED. R. CIV. P. 56(e)).

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The manner in which this showing can be made depends upon which party will bear the burden of persuasion at trial. In an action to determine the dischargeability of a debt, the creditor has the burden of proof under a preponderance of the evidence standard. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). Thus, in this case, the Bank must support its request for summary judgment on its §523(a)(2)(A) claim "with credible evidence -- using any of the materials specified in Rule 56(c) -- that would entitle it to a directed verdict if not controverted at trial." *Celotex*, 477 U.S. at 331.

### III. Discussion

Though other circuits have applied a uniform standard to all §523(a)(2)(A)

actions, the Fifth Circuit has distinguished the elements of "actual fraud" on the one hand and "false pretenses and false representations"[1] on the other. *RecoverEdge L.P. v. Pentecost*, 44 F.3d 1284, 1292 (5th Cir.1995). To have a debt excepted from discharge pursuant to the "actual fraud" provision in §523(a)(2)(A), an objecting creditor must prove that:

>   (1) the debtor made representations;
>   (2) at the time they were made the debtor knew they were false;
>   (3) the debtor made the representations with the intention and purpose to deceive the creditor;
>   (4) the creditor justifiably relied on such representation; and
>   (5) the creditor sustained losses as a proximate result of the representations.

*Id.* at 1293.

Alternatively, in order for a debtor's representation to constitute a false pretense or a false representation it generally must have been –

>   (1) a knowing and fraudulent falsehood,
>   (2) describing past or current facts,
>   (3) that was justifiably relied upon by the other party.

*RecoverEdge L.P.,* 44 F.3d at 1292-93. For example, the Fifth Circuit has held that a debtor's promise to add a term to a contract at a future date was a fraudulent misrepresentation because the debtor had no intention of performing as promised. *Matter of Allison*, 960 F.2d 481, 484 (5th Cir. 1992). Thus, the distinction recognized by the Fifth Circuit is a chronological one, resting upon whether a debtor's representation is made with reference to a future event as opposed to a representation regarding a past or existing fact. *See Bank of Louisiana v. Bercier (In re Bercier),* 934 F.2d 689, 692 (5th Cir. 1991)("[A debtor's] promise . . . related to [a] *future action* [which does] not purport

---

[1] While "false pretenses" and "false representations" both involve intentional conduct intended to create and foster a false impression, the distinction is that a false representation involves an express statement, while a claim of false pretenses may be premised on misleading conduct without an explicit statement. *See In re Patten*, 225 B.R. 211, 215 (Bankr. D. Ore. 1998).

**MEMORANDUM OPINION AND ORDER** – Page 3

to depict current or past fact . . . therefore cannot be defined as a *false representation or a false pretense*.") (quoting *In re Roeder*, 61 B.R. 179, 181 (Bankr. W.D. Ky. 1986)) (changes and emphasis in original).

In this case, the Bank alleges that it loaned money to the Debtor and his former wife so they could install a swimming pool and cabana, along with various other improvements, on their property. Among other things, the Bank complains that the money was not spent on the planned improvements to the Debtor's property and that the Debtor used at least some of the loan proceeds to pay outstanding debts. In support of its Motion, the Bank submitted a declaration from an officer of the Bank, which attached the loan documents, and submitted a copy of the Debtor's deposition taken on January 28, 2005 as well as several exhibits from the deposition.

The Debtor disputes the Bank's version of events. The Debtor also disputes that he made any promise that he misrepresented his then-present intentions or that he made any promise or representation with the intent to deceive the Bank. In support of his opposition, the Debtor submitted his affidavit, which attached summaries of his expenditures relating to the home improvement project, and submitted bank statements, invoices, receipts, a loan proposal letter, as well as excerpts from his deposition.

It is a "basic principle of bankruptcy that exceptions to discharge must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997). Here, having considered the Bank's Motion and the Debtor's response, and having reviewed the parties' arguments and admissible evidence, the Court finds that the Bank has failed to establish each element of §523(a)(2)(A) as a

matter of law. Genuine issues of material fact exist as to the representations made by the Debtor and the Debtor's intentions at the time he made the representations, among other things. The Court, therefore, concludes that the Bank is not entitled to judgment as a matter of law and that the Bank's Motion should be denied. Accordingly, it is

**ORDERED** that the *Motion for Summary Judgment and Brief in Support* [Docket No. 9] filed by Signature Bank on April 8, 2005, shall be, and it is hereby, **DENIED.**

Signed on 8/24/2005

_Brenda T. Rhoades_  MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE